IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWIN RICHARD TILTON,

      Plaintiff,

v.                                    CASE NO. 1:12-cv-107-MP-GRJ

STATE OF FLORIDA, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Doc. 1, a complaint titled "Complaint for Writ of Habeas Corpus or in the Alternative Writ of Mandamus" that also asserts that it is a civil rights complaint under 42 U.S.C. § 1983.  For the reasons discussed below it is **RECOMMENDED** that Petitioner's suit be **DISMISSED** under Younger v. Harris.

      Plaintiff states that he has been incarcerated at the Alachua County Jail since November 2011 and has been deprived of due process and equal protection under the law because he has not been afforded the opportunity to contest the allegations in the sworn complaints filed against him.  To the extent Plaintiff wishes to file a § 1983 suit or a habeas petition,[1] this Court must abstain from passing on claims pursuant to the Younger v. Harris abstention doctrine.  401 U.S. 37 (1971).  "Under Younger v. Harris and its progeny, federal district courts must refrain from enjoining pending state court

---

      [1]To the extent Plaintiff wishes to file a habeas petition, it would be treated as a petition under 28 U.S.C. § 2241, as Plaintiff was not in custody pursuant to the judgment of a Florida state court when he filed the petition.  Hiteshaw v. Butterfield, 262 Fed. Appx. 162, 164 (11th Cir. 2008) (*per curiam*) (The petitioner, "as a pre-trial detainee, [wa]s not in custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition.").

proceedings except under special circumstances." Old Republic Union Ins. Co. v. Tillis

Trucking Co., Inc., 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable

restraint expressed in [Younger] . . . is founded on the premise that ordinarily a pending

state prosecution provides the accused a fair and sufficient opportunity for vindication of

federal constitutional rights." Hughes v. Att'y Gen. of Florida, 377 F.3d 1258, 1264 n. 7

(11th Cir. 2004). The exceptions to Younger are very narrow and apply only if: there is

evidence of state proceedings motivated by bad faith, irreparable injury would occur, or

there is no adequate alternative state forum where the petitioner's constitutional issues

can be raised. Id. at 1263 n.6. None of the Younger exceptions apply in this case.

Plaintiff has an adequate opportunity to advance his Due Process and Equal Protection

claims as to the legality of his arrest and the legality of his pre-trial detention in the state

court criminal proceedings.

For the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's

"Complaint For Writ Of Habeas Corpus Or In The Alternative Writ Of Mandamus" (Doc.

1) should be **DISMISSED** pursuant to Younger v. Harris.

**IN CHAMBERS** in Gainesville, Florida, on May 23, 2012.

*s / Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**